UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL CHICHERCHIA,

                              Plaintiff,

    v.                                                        Action No. 1
                                                             9:10-CV-0298
DOUG DeMARCHE, Assistant District              (DNH/DEP)
Attorney; SCOTT D. McNAMARA,                    (Lead Case)
Utica District Attorney; and LELAND
McCORMICK, Public Defender,

                              Defendants.
_____

MICHAEL CHICHERCHIA,

                            Plaintiff,                     Action No. 2
    v.                                                  9:10-CV-0500
                                                           (DNH/DEP)
LELAND McCORMICK, Public Defender,       (Member Case)

                            Defendant.
_____

APPEARANCES:

MICHAEL CHICHERCHIA
Plaintiff, *pro se*

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

*Pro se* plaintiff Michael Chicherchia ("plaintiff") commenced two actions in the Northern District seeking relief for the alleged violation of his constitutional rights pursuant to 42 U.S.C. § 1983. *See Chicherchia v. DeMarche*, 9:10-CV-298 ("Action No. 1") and *Chicherchia v. McCormick*, 6:10-CV-0500 ("Action No. 2"). The two actions were consolidated on May 6, 2010. Dkt. No. 11.

In a Decision and Order filed on April 30, 2010, the Court reviewed the complaint in Action No. 1 in accordance with 28 U.S.C. § 1915(e). Dkt. No. 10 (the "April Order"). As discussed more fully in the April Order, because it was clear from that complaint that plaintiff "seeks to overturn his conviction," the Court ruled that the claims asserted therein were not cognizable in an action under 42 U.S.C. §1983; rather "'the sole federal remedy is a writ of habeas corpus.'" *Id*. at 4 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). The Court also determined that defendants McNamara and Demarche, Utica District Attorney and Assistant District Attorney, respectively, are absolutely immune from plaintiff's claims against them in Action No. 1, which arose out of their prosecution of plaintiff. *Id.* at 6. With respect to defendant McCormack, the public defender who represented plaintiff in his criminal proceeding, the Court concluded that the complaint was subject to dismissal because there was no showing that McCormack was a "state actor" for purposes of § 1983 liability. *Id*. at 7.[1] Plaintiff was advised that his claims sounded, if at all, in habeas corpus and afforded him the opportunity to file a habeas petition if he wished to have this action converted to a proceeding pursuant to 28 U.S.C. § 2254.[2] Plaintiff was advised that if he failed to file an amended petition within thirty days from the filing date of the April Order, the action would be dismissed. *Id.* at 11.

---

[1] Attorney McCormack is the sole defendant in Action No. 2. Plaintiff alleges in that complaint that "my rights were violated in the courtroom not in prison," and states that his constitutional rights were violated "12X." *See* Dkt. No. 1 at 5.

[2] In accordance with the Second Circuit's decision in *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998), a district court cannot properly convert a complaint to a Section 2254 petition without first offering the petitioner the opportunity to withdraw the petition rather than have it so recharacterized. *See* Dkt. No. 10 at 8-9.

By letter dated May 12, 2010, plaintiff listed the twelve violations which form the basis of his claims against Attorney McCormack in Action No. 2. Dkt. No. 12. Plaintiff also asked for an additional ninety (90) days "to prove [McCormack] acted under the color of state law." *Id*. at 3. A few days later, however, plaintiff sent another letter in which he stated: "At this point in time I'm withdrawing my lawsuit against Leland McCormick for the following reasons: 1. I cannot prove he was acting under the color of state law; 2. I cannot prove my rights were violated outside the court room." Dkt. No. 12.

Plaintiff has not timely submitted an amended petition or otherwise indicated to the Court that he wishes to "recast [his pleading] as a petition for habeas corpus relief." *See* Dkt. No. 10 at 10.

THEREFORE, it is

ORDERED that

1. This action is DISMISSED for the reasons set forth in the April Order; in light of plaintiff's withdrawal of any claims against Attorney Leland; and for his failure to timely submit an amended petition in accordance with the April Order; and

2. The Clerk is directed to serve a copy of this Order on the plaintiff by regular mail, and close the file.

IT IS SO ORDERED.

Dated:  June 10, 2010
         Utica, New York.

United States District Judge